

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ENTERED
04/28/2010

| | | |
|---|---|---|
| IN RE: | § | |
| ASPEN EXPLORATION INC | § | CASE NO: 08-50325 |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| JANET S. NORTHRUP, CHAPTER 7 | § | |
| TRUSTEE | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-5008 |
| | § | |
| TIMOTHY M. TRICKEY, *et al* | § | |
|     Defendant(s) | § | |

## **MEMORANDUM OPINION**

For reasons set forth below, the Court grants the Chapter 7 Trustee's motion for summary judgment (docket # 22).

### *JURISDICTION AND VENUE*

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding under 28 U.S.C. 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

### *BACKGROUND*

This adversary proceeding concerns causes of action brought by Janet Northrup, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Aspen Exploration, Inc. (the "Debtor") against Timothy M. Trickey, individually and d/b/a The Trickey Law Firm, and Timothy M. Trickey, Attorney and Counselor at Law, P.C. (collectively, "Defendant"). The Trustee's complaint seeks to avoid and to recover pre-petition transfers totaling $300,000.00 and post petition transfers totaling $12,158.98. The Defendant's answer (docket #16) is a simple denial of the material allegations of the complaint.

In its Comprehensive Scheduling, Pre-trial and Trial Order (docket # 20), the Court set a deadline for dispositive motions, and a response deadline of 20 days. The Trustee timely filed her Motion for Summary Judgment (docket #22) on April 1, 2010. In support of her motion, The Trustee attached competent affidavits and exhibits, including, but not limited to, checks issued by Debtor to the Defendant, bank statements, and the Trustee's requests for admissions, interrogatories, and production of documents.

The deadline for Defendant's response was April 21, 2010.[1]  As of April 28, 2010, no response to the motion has been filed.

*SUMMARY JUDGMENT STANDARD*

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.,* 560 F.3d 361, 365 (5th Cir.2009).  Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.  "The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 520 F.3d 409, 412 (5th Cir.2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Malacara v. Garber,* 353 F.3d 393, 403 (5th Cir.2003); *Chaplin v. Nationscredit Corp.,* 307 F.3d 368, 372 (5th Cir.2002) (quoting *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986)).  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact.  *Sossamon,* 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency,* 537 F.3d 504, 507 (5th Cir.2008).  The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. Cattrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *92, 203.00 in United States Currency,* 537 F.3d at 507.  When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 301 (5th Cir.2004); *Raga v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998).

Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex,* 477 U.S. at 324. The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 163-64 (5th Cir.2006); *Baranowski v. Hart,* 486 F.3d 112, 119 (5th Cir.2007).  **Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim.** *Condrey v. Suntrust Bank of Ga.,* 431 F.3d 191, 197 (5th Cir.2005) (emphasis added).

*CONCLUSION*

Based upon the pleadings, the entirety of the affidavits and competent evidence attached to the Trustee's motion for summary judgment (docket #22), and the complete lack of responsive

---

[1] The deadline for responses to summary judgment was set forth in the Court's Comprehensive Scheduling Order (docket #20).  However, effective December 1, 2009, Federal Rules of Civil Procedure were amended to provide that "a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later."  Fed. R. Civ. P. 56(c)(1).

argument or evidence by the Defendant, the Court finds the Trustee's request for relief appropriate. Therefore, by separate order issued this date, the Court orders that the Trustee may avoid and recover pre-petition transfers totaling $300,000.00 and post petition transfers totaling $12,158.98.

SIGNED 04/28/2010.

_____
Wesley W. Steen
United States Bankruptcy Judge